# IN THE COURT OF APPEALS OF IOWA

No. 19-0889
Filed April 15, 2020

**MICHAEL TROY ESKRIDGE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


A felon challenges the denial of his application for postconviction relief.

**AFFIRMED.**


Lauren M. Phelps, Hudson, Florida, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.


Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

Michael Eskridge sold crystal methamphetamine to undercover police officers three times. The State's three-count trial information reflected each of those sales. Eskridge also faced sentencing enhancements based on his recidivism. After reaching an agreement with the prosecutor, he pleaded guilty to two drug felonies. In turn, the State dismissed the habitual-offender enhancement. The district court sentenced him to an indeterminate term of twenty-five years with a mandatory minimum of eight and one-third years. He did not file a direct appeal.

Instead, Eskridge sought postconviction relief (PCR). He alleged his counsel was ineffective at the sentencing hearing by neglecting to offer exhibits showing his efforts at rehabilitation. The postconviction court denied relief, finding neither a breach of duty nor prejudice. Eskridge appeals that denial. Because Eskridge cannot show a more favorable sentence was reasonably probable if counsel had offered the exhibits into evidence, we affirm.

We review PCR proceedings for correction of legal error unless the applicant raises constitutional issues, in which case our review is de novo. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). Here, Eskridge's claim of ineffective assistance demands we review the record de novo. *Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017).

To succeed, Eskridge must show counsel failed to perform an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to prove either prong is fatal to an ineffective-assistance-of-counsel claim." *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019).

As we examine trial counsel's performance, we start with the plea deal he negotiated for Eskridge. In an October 2016 trial information, the State charged Eskridge with one class "B" felony under Iowa Code section 124.401(1)(b)(7) (2016) and two class "C" felonies under section 124.401(1)(c)(6). The charges were subject to enhancement under section 124.411 based on previous convictions. And the State notified Eskridge it planned to pursue the habitual offender enhancement under sections 902.8 and 902.9. As charged, Eskridge faced a maximum punishment of one-hundred and sixty-five years in prison with a mandatory minimum of fifty-five years.

In February 2017, the State agreed to dismiss one class "C" felony and the habitual-offender enhancement in return for Eskridge's guilty pleas to one class "B" felony and one class "C" felony. As part of the plea agreement, the State recommended incarceration. Specifically, the State recommended concurrent terms totaling twenty-five years with a one-third mandatory minimum. The State also recommended the current sentence be concurrent with Eskridge's parole revocation. Eskridge entered his guilty pleas in late February and stood for sentencing in April.

At the sentencing hearing, defense counsel asked the court to place Eskridge on probation. Counsel asserted his client was "committed to a life of sobriety and understands the dangers that he posed to the community." Counsel highlighted Eskridge's involvement in Alcoholics Anonymous (AA), Narcotics Anonymous (NA), and other programming in jail. Counsel ventured, "[H]e indicates a sincere desire to not be involved in substance use or abuse going forward."

Significant to the issue in this appeal, counsel then told the court he had "a series of letters that he is providing me that reflect that fact, there will even be an acceptance letter from 180 Zone if the court would impose probation." But those letters do not appear as exhibits in the criminal file. Short of probation, defense counsel asked the district court to scale back the eight-and-one-third-year mandatory minimum. *See* Iowa Code §§ 124.413; 901.10(2) (giving the sentencing judge discretion to reduce the mandatory minimum for methamphetamine offenses by up to one-third if the offender pleads guilty); 901.11(1) (giving the sentencing judge discretion to determine the drug offender's eligibility for parole or work release).

In his allocution, Eskridge asked the court for "mercy" and said he was "providing exhibits and documents of the positive things [he'd] done since [being] incarcerated." He mentioned "class certificates" and letters of accomplishments "from when [he] was in prison last time from 2010 all the way up to 2016."

The sentencing court interrupted, saying it was "curious" about Eskridge's recent parole in July 2016, just three months before the controlled buys. Eskridge conceded "six years in prison didn't give me six months of sobriety." But he told the court he believed his renewed commitment to the steps in AA and the church would help him avoid future drug offenses.

When imposing sentence, the court recognized the "extraordinary amount of programming" Eskridge attended while in the Scott County jail. But the court balanced that fact against Eskridge's "extensive criminal history." The court was blunt: "[I]t seems that your pattern is that you only do that sort of thing when you

are incarcerated." After full consideration, the court adopted the State's sentencing recommendation and declined to reduce the mandatory minimum term.

Fast forward to Eskridge's civil action. At the PCR hearing, Eskridge complained his trial attorney did not move to admit the letters or certificates into evidence at the sentencing hearing. The State acknowledged the letters and certificates "were not admitted as part of the court file" but argued "they were certainly discussed." As his bottom line, Eskridge urged if counsel had effectively argued his rehabilitation, he would have received a discretionary reduction in his mandatory minimum sentence. In the alternative, Eskridge insisted counsel's failure to file the documents showing his rehabilitative progress prejudiced his ability to appeal the sentence.

The PCR court was not persuaded. It reasoned, "Eskridge cannot overcome the fact that the sentencing judge was cognizant of his efforts at rehabilitation. . . . Being aware of the court's discretion to reduce the mandatory minimum from 8.3 years to 5.6 years, the judge purposefully chose not to exercise that discretion." The PCR court found Eskridge did not carry his burden to show counsel breached an essential duty at sentencing or that any omission resulted in prejudice to his chances for a lesser term.

In this appeal from the PCR denial, Eskridge narrows the issue. His only remaining claim for prejudice is that trial counsel's failure to enter the documents as exhibits at sentencing "cut off his ability to appeal the sentence in his case."

After our independent review of the entire record, we believe Eskridge fails to show he was prejudiced by counsel's performance at sentencing. To establish prejudice, he must show a reasonable probability exists that, but for counsel's

omissions, the result of the proceeding would have been different. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). In this context, Eskridge must show that, had counsel admitted the exhibits into evidence, an appeal from his sentence would have been more likely than not to garner him a reduction in the mandatory minimum term. That proof is not available. Eskridge chose not to file a direct appeal. So we have no way to see if the condition of the sentencing record had any impact on his chances for success.

And contrary to his argument now, the lack of exhibits at sentencing did not "cut off" his ability to appeal. Even without the exhibits, the district court considered Eskridge's mitigating evidence at sentencing. *See* Iowa Code § 901.2(1). After that consideration, the court properly exercised its discretion in declining to reduce his mandatory-minimum term—with ample explanation of its reasons. Appellate courts give wide latitude to the discretion in choosing a particular sentence. *See State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002). Eskridge cannot show that had trial counsel offered letters and certificates into the record, a reasonable probability existed that he would have been successful in appealing an adverse sentencing decision. Eskridge is not entitled to relief.

**AFFIRMED.**